PER CURIAM:
Claimant brought this action for vehicle damage which occurred when his 2008 Harley Davidson motorcycle struck two holes on the entrance ramp as he was merging onto 1-79 South from the Meadowbrook Exit in Bridgeport, Harrison County. 1-79 South is a road maintained by respondent. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred at approximately 2:00 p.m. on June 8, 2008. At the time of the incident, the claimant was driving from Monongalia County to Doddridge County, where his family resides. The claimant stopped at an Exxon station to fill his motorcycle with gas before the trip. Then the claimant took the entrance ramp onto 1-79 South. As he was approaching the top of the hill on the entrance ramp at approximately fifty miles per hour, his vehicle struck two holes in the road. The holes were situated approximately one hundred feet from each other, and claimant stated that the first hole caused the damage to his motorcycle. The claimant testified that he did not see the holes before his motorcycle struck them. Claimant drove his vehicle onto the emergency pull-off area on the interstate and noticed that his motorcycle’s tire and rim were damaged. Claimant’s vehicle sustained damage in the amount of $1,138.39. Since claimant’s insurance declaration sheet indicates that he had a $250.00 deductible, his recovery in this claim is limited to that amount.
The position of the respondent is that it did not have actual or constructive notice of the condition on the entrance ramp of 1-79 South near the Meadowbrook Exit. Gary Dyer, Crew Supervisor for respondent, testified that he is responsible for the maintenance of 1-79 from the Weston Exit to the Fairmont Exit. Mr. Dyer stated that he is familiar with the area where the subject incident occurred. He testified that it is a high traffic area to the extent that this portion of 1-79 is one of the last sections of concrete highway left in the State. A contractor was hired to repave the road. According to Mr. Dyer, the respondent did not receive complaints regarding the holes at this particular location prior to the subject incident. He stated that respondent had patched holes in this area on May 21,2008, and on June 5,2008.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman v. Dep’t of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent had, at the least, constructive notice of the holes which claimant’s motorcycle struck and that the holes presented a hazard to the traveling public, especially given the heavy traffic on this road. Although respondent had performed maintenance at this location, the patchwork proved inadequate at the time of the incident in question. Thus, the Court finds respondent negligent and claimant is entitled to make a recovery for the damage *36 to his vehicle.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award to the claimant in the amount of $250.00.
Award of $250.00.